UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BERNARDO PEREZ MARIN,<br><br>Petitioner,<br><br>v.<br><br>BRUCE SCOTT, et al.,<br><br>Respondents. | Case No. 2:26-cv-01457<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

## I.   INTRODUCTION AND BACKGROUND

Petitioner is a citizen of Mexico who last entered the United States without inspection in December 2019. Dkt. 8 ¶ 6. On or about April 14, 2026, Petitioner was apprehended by Border Patrol officers in Libby, Montana, and taken into custody. *Id*. ¶ 7. Immigration and Customs Enforcement ("ICE") officers have initiated removal proceedings against him and have detained him in the Northwest Immigration and Customs Enforcement Processing Center ("NWIPC") in Tacoma, Washington. *Id*. ¶¶ 8–10. *Id*. Petitioner has no known criminal history and has neither requested nor received a bond hearing before an Immigration Judge ("IJ"). *Id*. ¶ 13.

On April 28, 2026, Petitioner filed a proposed petition for writ of habeas corpus, asking the Court to order ICE either to release him or provide him with a bond hearing. Dkt. 1 at 2. However, Petitioner failed to name the warden of NWIPC as a respondent. For a court to have

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 1

power to decide a habeas petition, the law requires that the petitioner name his current custodian, i.e., warden. *Doe v. Garland*, 109 F.4th 1188, 1197 (9th Cir. 2024); *see Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Accordingly, the Court directed Petitioner to file an amended petition naming the proper respondent by May 21. Dkt. 3.

Respondents filed a response to the petition on May 28, and argued among other things that the petition should be dismissed because Petitioner had not named a proper respondent. Dkt. 7 at 1, n.1. On June 1, Petitioner belatedly complied with the Court's order by filing an amended petition naming the warden as a respondent. Dkt. 9. Because Petitioner is proceeding pro se and relies on the mail to send and receive court documents, the Court will allow Petitioner's amended petition to be filed and will construe it as a motion to add the NWIPC Warden as a party. So construed, the Court grants the motion and the petition is now ready for the Court's review. For the reasons set forth below, the Court GRANTS the petition for writ of habeas corpus.

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by the preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III.    DISCUSSION

On September 30, 2025, this Court granted summary judgment to members of a certified Bond Denial Class, defined to include the following individuals:

> All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 2

under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

*Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025). The Court issued the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

*Id.*

Although Petitioner does not expressly refer to the Court's decision in *Rodriguez Vazquez*, this matter falls squarely within its parameters. Without specifically referring to the three prongs of *Rodriguez Vazquez*, Petitioner challenges the validity of his current detention under 8 U.S.C. § 1225(b) and states facts that demonstrate his membership in the *Rodriguez Vazquez* class. While Federal Respondents express their continued disagreement with the Court's order in *Rodriguez Vazquez*, they do not dispute that Petitioner is a member of the Bond Denial Class for purposes of this matter. Dkt. 7 at 4. Respondents argue, however, that his "detention nevertheless remains lawful because he has not requested a bond hearing." *Id*. at 2.

Respondents' argument that Petitioner's failure to request a bond hearing renders his detention lawful is not persuasive. Whether a detainee has requested a bond hearing does not change the legality of their custody under § 1225(b)(2). The statutory analysis of *Rodriguez Vazquez* applies with equal force to Petitioner whether he has requested a hearing or not. Where, as here, an individual "is in custody in violation of the . . . laws . . . of the United States," the Court is empowered to grant the petitioner's writ of habeas corpus. *See* 28 U.S.C. § 2241(a).

Finally, to the extent that Petitioner raises alternative arguments regarding his detention based on alleged constitutional violations, *see* Dkt. 1 at 2–6, under the doctrine of constitutional

avoidance, the Court need not reach these claims. *See Green v. Miss United States of America, LLC*, 52 F.4th 773, 795 (9th Cir. 2022) (under the "long tradition of constitutional avoidance," courts typically "should resolve a case, when possible, on statutory grounds before reaching any constitutional question"). The Court's construction of the INA adopted in *Rodriguez Vazquez* entitles Petitioner to the same relief he would receive if the Court found his mandatory detention violated procedural due process—an individualized bond hearing before an IJ. *See, e.g., Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1120 (W.D. Wash. 2019) (holding that due process requires a bond hearing once mandatory detention becomes unreasonably prolonged).

The Court incorporates the reasoning of *Rodriguez Vazquez* and finds that Petitioner is subject to discretionary detention under § 1226(a). *See Rodriguez Vazquez*, 802 F. Supp. 3d at 1322–36. Petitioner has thus shown that his mandatory detention under § 1225(b) violates the INA, entitling him to habeas relief. *See* 28 U.S.C. § 2241(c)(3). Accordingly, the Court GRANTS the habeas petition.

### IV.    CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1.    The amended petition for writ of habeas corpus (Dkt. 9) is GRANTED.

2.    Within fourteen days of receiving Petitioner Bernardo Perez Marin's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

3.    Petitioner is advised that to receive the bond hearing referenced above, he must first *request* a bond hearing.

4.    If Petitioner is released, Respondents must return to him any personal property, including any personal identification document (other than a passport) and any employment authorization document.

The Clerk is directed to send uncertified copies of this Order to counsel of record and to Petitioner at his last known address.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 4

Dated this 9th day of June, 2026.

Tiffany M. Cartwright
United States District Judge